*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*


| | |
|---|---|
| *PETER KELLY,* ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| *v.* ) | *Docket No. 06-168-P-S* |
| ) | |
| *MICHAEL J. ASTRUE,* ) | |
| *Commissioner of Social Security* ) | |
| ) | |
| *Defendant* ) | |


*RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES*


The plaintiff applies for an award of attorney fees pursuant to the Social Security Act, 42 U.S.C. § 406(b), after securing an award of past-due benefits before the commissioner following remand of the instant Social Security Disability ("SSD" or "Title II") case by this court. *See* Plaintiff's Motion for Award of § 406(b) Fees ("Motion") (Docket No. 33). I recommend that the Motion, which is unopposed, be granted, resulting in an award of $1,154.65.

**I. Background**

On October 2, 2006, the plaintiff executed a contingent-fee agreement with the law firm of Jackson & MacNichol concerning the appeal to this court of the commissioner's adverse decision. *See* Contingent Fee Agreement for Representation Before the Court With the Law Firm of Jackson & MacNichol ("Fee Agreement"), attached to Motion. Attorney Francis M. Jackson, of Jackson & MacNichol, filed the instant complaint on October 12, 2006. *See* Complaint (Docket No. 1).

1

The Fee Agreement provided, in relevant part: "Client agrees to pay a fee equal to twenty five percent (25%) of the total amount of any past-due benefits awarded to Client, to include any dependents benefits, subject to the approval of said fee by the court."  Fee Agreement ¶ 3(A).

Following briefing and oral argument, this court entered a judgment dated August 27, 2007, vacating the commissioner's decision and remanding the case for further proceedings.  *See* Judgment (Docket No. 27).  On September 26, 2007, the plaintiff filed a motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which the court denied on the basis that, while the plaintiff had succeeded in securing a remand, the commissioner's position had been substantially justified.  *See* EAJA Application for Fees and Expenses (Docket No. 28); Recommended Decision on Plaintiff's Motion for Attorney Fees (Docket No. 31); Order Affirming the Recommended Decision of the Magistrate Judge (Docket No. 32).

By Notice of Award dated June 1, 2008, the commissioner apprised the plaintiff that he would be awarded past-due Title II benefits in the sum of $25,818.60, that $5,300 of that amount had been withheld toward payment of the plaintiff's attorney, and that the fee agreement between the plaintiff and his attorney had been approved.  *See* Motion at 1, 3-4; *see also* Notice of Award, attached thereto, at 1-4.[1]  Twenty-five percent of $25,818.60 is $6,454.65.  The plaintiff filed the instant motion on June 5, 2008, seeking a total fee award pursuant to 42 U.S.C. § 406(b) of $1,154.65 for services rendered in this court.  *See* Motion at 7-8.[2]  He derived that figure by subtracting from $6,454.65 (the contingency fee of 25 percent of the total past-due benefits

---

[1] By my calculations, the plaintiff was awarded past-due Title II benefits for the period from February 2003 through May 2008 totaling $27,194.40 prior to deductions and offsets.  *See* Notice of Award at 1-2.  However, I accept his representation that the sum was $25,818.60, which results in a lower requested fee than if my number were used.

[2] While the commissioner has lodged no objection on timeliness or other grounds, I note that the Motion was timely filed pursuant to Local Rule 54.2, which provides: "[A]ny application for fees under 42 U.S.C. §406(b) in a Social Security appeal pursuant to 42 U.S.C. §405(g) that results in a remand under either sentence four or six of 42 U.S.C. §405(g) shall be filed within 30 days of the date of the Commissioner of Social Security's notice of award that establishes both that there are past due benefits and the amount thereof."  Loc. R. 54.2.

award) the sum of $5,300 in attorney fees already awarded by the commissioner for services performed by his counsel in that venue.  *See id.*[3]

The plaintiff's attorney's invoice submitted for work performed in this court indicates that Jackson & MacNichol expended 23 hours of attorney time, billed at $163 per hour, and 6.5 hours of paralegal time, billed at $85 per hour.  *See* [Invoice] re: Peter Kelly dated September 26, 2007, attached to Motion.  The invoiced fee for attorney time thus totaled $3,749.[4]

## II.  Analysis

Section 406 provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [*i.e*., Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

The court has authority to award court-related fees pursuant to section 406(b), even though the benefits award itself was made by the commissioner on remand.  *See, e.g., Horenstein v. Secretary of Health & Human Servs*., 35 F.3d 261, 262 (6th Cir. 1994) (overruling "single tribunal rule" of *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972), pursuant to which only the tribunal that ultimately upheld a claim for benefits could approve and certify payment of section 406 attorney fees; joining majority of circuits – including First Circuit – in ruling, *inter alia*, that "in cases where the court remands the case back to the [commissioner] for further proceedings,

---

[3] On the first page of his brief, the plaintiff states that he is seeking an award of $1,454.65. *See* Motion at 1.  This evidently is a typographical error.

[4] In his Motion, the plaintiff represents that he is seeking compensation for his attorney at a rate of $690 per hour for 17.7 hours of work before this court, up to the requested maximum of $1,154.65. *See* Motion at 7-8.  It is unclear how the plaintiff derived the figure of either 17.7 hours or $690, but, fortunately, I need not solve the mystery. Regardless of whether the plaintiff seeks an award for 23 hours or 17.7 hours of attorney time, the requested fee of $1,154.65 results in an effective hourly rate far below $690 and, indeed, substantially below even the invoiced rate of $163.  I need not, and do not, make any observation concerning whether, in any circumstances, a fee request seeking what amounts to an effective hourly rate of $690 pursuant to a contingency fee agreement could be reasonable pursuant to section 406(b).

the court will set the fee – limited to 25 percent of past-due benefits – for the work performed before it, and the [commissioner] will award whatever fee the [commissioner] deems reasonable for the work performed on remand and prior administrative proceedings.").

The making of an application for an award of attorney fees pursuant to the EAJA does not preclude an award of attorney fees pursuant to section 406(b).  *See, e.g., Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (citation and internal punctuation omitted).  In this case, of course, no EAJA fee was awarded, and hence there is no need to refund to the claimant the smaller of two fees.

The commissioner has interposed no objection to the plaintiff's request for attorney fees pursuant to section 406(b).  However, because the money at stake in a section 406(b) request comes not out of the commissioner's pocket but rather that of the claimant, the court has an independent duty to satisfy itself that a section 406(b) contingency fee is "reasonable[.]"  *See, e.g., id.* at 807 ("Most plausibly read, . . . § 406(b) does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.   Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.") (citations and footnotes omitted).

4

As one might expect, the outer boundaries of a test of "reasonableness" are difficult to plot.  However, this much is clear: Reduction in the amount that otherwise would be payable pursuant to a contingent-fee agreement between a claimant and attorney is appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are large in relation to the amount of time counsel spent on the case (thereby resulting in a windfall).  *See id*. at 808; *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (*cited with favor in  Gisbrecht*, 535 U.S. at 808).

In this case, neither obstacle is present.  There is no indication that counsel's conduct was in any way improper or his representation substandard, and the requested fee would compensate counsel at an effective rate below the $163 per hour reflected in his invoice.  The fee request accordingly should be granted.

### III.  Conclusion

For the foregoing reasons, I recommend that the Motion be **GRANTED** as prayed for, resulting in an attorney fee award pursuant to 42 U.S.C. § 406(b) of $1,154.65.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days*

*after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*


Dated this 7th day of August, 2008.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge

6